J-S24036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN CANNADY | : | |
| | : | |
| Appellant | : | No. 1818 EDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1218351-1987

BEFORE: PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                     **FILED AUGUST 8, 2022**

Kevin Cannady (Cannady) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing as untimely his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 1989, Cannady and a co-conspirator were convicted of first-degree murder and related offenses for robbing and killing two men. Because the jury was unable to agree on the death penalty, the trial court sentenced both Cannady and his co-conspirator to life sentences. This Court affirmed Cannady's judgment of sentence on direct appeal, and our Supreme Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

denied his petition for allowance of appeal. ***Commonwealth v. Cannady***, 590 A.2d 356 (Pa. Super. 1991), *appeal denied*, 600 A.2d 950 (Pa. 1991).

Over the past three decades, Cannady has filed a series of PCRA petitions—all of which the PCRA court dismissed.[1] On July 9, 2014, Cannady filed this, his eighth, PCRA petition. In his petition, he alleged that the Commonwealth failed to disclose a promise of leniency to its key witness at trial in return for his testimony. Recognizing that his petition was untimely, Cannady asserting the governmental interference and newly-discovered fact timeliness exceptions to the PCRA's one-year jurisdictional time-bar.

While his petition was pending, Cannady filed various supplements and amendments to his petition raising new claims. Eventually, on June 17, 2021, the PCRA court issued notice of its intent to dismiss the petition without hearing under Pa.R.Crim.P. 907, explaining that Cannady had failed to properly invoke an exception to the time-bar. After the PCRA court formally dismissed the petition on August 12, 2021, Cannady timely filed this appeal and raises two issues for review:

> I. Did the PCRA court abuse its discretion in dismissing [Cannady's] most recent PCRA, Supplemental Petition, and any

---

[1] Cannady appealed from the dismissal of his second, third, fourth and sixth petitions. In each instance, this Court affirmed the dismissals in unpublished memorandums. ***Commonwealth v. Cannady***, 841 A.2d 571 (Pa. Super. 2003) (second petition); ***Commonwealth v. Cannady***, 895 A.2d 645 (Pa. Super. 2006) (third petition); ***Commonwealth v. Cannady***, 931 A.2d 42 (Pa. Super. 2007) (fourth petition); ***Commonwealth v. Cannady***, 48 A.3d 489 (Pa. Super. 2012) (sixth petition).

Responses to the Notice of Intent to Dismiss pursuant to Rule 907, where said court failed to properly apply the standards of Rule 907 where the Notice only stated its intention to dismiss without stating [whether] or not the PCRA was in fact untimely or being dismissed on any other grounds.

II. Did the PCRA court abuse its discretion as a matter of law by dismissing Appellant's most recent PCRA petition as untimely without an evidentiary hearing where said facts were clearly based upon Newly-Discovered Facts relating to a **Brady** violation which if proven entitled [Cannady] to an evidentiary hearing to determine if he met the requirements of 9545(b)(1)(ii).

Cannady's Brief at 4.[2]

In his first issue, Cannady contends that the PCRA court's Rule 907 notice was defective because it did not contain adequate reasoning for dismissing his petition as untimely, particularly about him invoking the newly-discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii). Cannady believes that the PCRA Court, by not specifically addressing the exception in its explanation for dismissal, deprived him of the opportunity to file a response

_____

[2] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." **Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

and seek leave to amend his petition and correct any material defects. We disagree.

As this Court has explained, "[t]he purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (internal citation omitted).

After review, we find the PCRA court gave more than an adequate explanation of its intent to dismiss to allow Cannady an opportunity to seek leave to amend his petition and correct the material defects. Contrary to Cannady's contentions, the Rule 907 notice unmistakably informed him that his "petition is untimely filed and does not invoke an exception to the timeliness provision of the [PCRA] 42 [Pa.C.S.] § 9545(b)(1)(i)-(iii)." Rule 907 Notice, 6/17/21.

As the PCRA court explained:

> This Court has reviewed your various petitions asserting numerous claims. Before this Court can consider the merits of your claims, it must address the timeliness of your petition, because PCRA time limitations implicate this Court's jurisdiction. Under the PCRA, your petition must be filed within one year of the date the judgment of sentence became final, unless one of the exceptions set forth in 42 Pa. Cons. Stat. § 9545(b)(l)(i)-(iii) applies.
>
> Your judgement of sentence for first degree murder and other charges became final in 1991, ninety days after the Pennsylvania Supreme Court denied allocator, and the time for

- 4 -

filing a petition for writ of certiorari with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13. Your petitions, filed on July 9, 2014, September 10, 2015, February 23, 2017, November 1, 2017 and March 19, 2018, were therefore manifestly untimely. *See* 42 Pa. Cons. Stat. §9545(b)(1). Thus, for this Court to have jurisdiction to review the merits of your claims, the burden fell upon you to plead and prove that one of the enumerated exceptions to the timeliness provision set forth in 42 Pa. Cons. Stat. §9545(b) applied to your case.

In your 2014 and 2015 petitions, you assert that the government failed to disclose alleged favorable treatment of a key witness, William Leak, including an alleged statement that the Commonwealth withheld from you, wherein Leak said he was the killer. These allegations appear to be attempting to satisfy the governmental interference exception, § 9545 (b)(1)(i), by claiming that the Commonwealth improperly withheld information from you. Although a ***Brady*** violation may fall within the governmental interference exception to the PCRA time-bar, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Here, you have failed to present any evidence in support of the allegations contained in your petitions, other than your statements in the petitions themselves. **You have not specified when or how you discovered this information, and particularly, why you were not able to obtain this information previously, nor have you provided any corroborating documentation or evidence**. As such, these claims do not overcome the timeliness exception.

*Id.* at 1-2 (emphasis added).

Cannady's claim seems to be that because the PCRA court stated that he was attempting to invoke the governmental interference exception, he was unable to surmise that the PCRA court was also finding that he failed to properly invoke the newly-discovered evidence exception. To the contrary, as the above discussion shows, the PCRA court's comment about the

governmental interference exception was not intended to be limiting, but instead, merely addresses Cannady's assertion that the Commonwealth improperly withheld the information about the witness. In any event, as we have highlighted above, the PCRA court warned Cannady that he had failed to (1) disclose when or how he discovered the alleged new facts, (2) explain why he was unable to discover these new facts before, and (3) provide any corroborating documentation of evidence of the new facts. Besides the PCRA court stating that he failed to invoke any exception, this discussion unmistakably informed Cannady of the deficiency he would have needed to address in any response if he wished to avoid his petition being untimely. Thus, his first issue lacks merit.[3]

In his second issue, Cannady asserts that the PCRA court abused its discretion in not granting him an evidentiary hearing on his claim that the key witness at his trial testified under a promise of leniency, and that this would have constituted a newly-discovered fact for purposes of the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(ii).

---

[3] Regardless of any defect in the Rule 907 notice, which we find there was none, no relief would be due. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (holding that even if a notice of intent was not issued and the issue is raised on appeal, it does not automatically warrant reversal where the petition is untimely). As explained in the second issue, Cannady failed to properly plead and prove any of the timeliness exceptions, including the newly-discovered facts exceptions.

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. *See Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021).

Cannady's judgment of sentence became final in 1991. Because he did not file this petition until 2014, it is facially untimely and he must plead and prove the exceptions to the PCRA's timeliness requirements. The exceptions to the PCRA's jurisdictional time-bar are set forth in 42 Pa.C.S. § 9545(b)(1), which provides as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Cannady alleges he was unaware that the main witness at his trial, William Leak, testified under a grant of leniency. Cannady, however, learned about this during trial and moved for a mistrial. As this Court summarized on direct appeal when Cannady challenged the trial court's denial of a mistrial:

> William Leak testified as a Commonwealth witness under a grant of immunity. When Cannady became aware of this during Leak's direct examination, he moved for a mistrial, contending that the prosecution had failed to give timely notice thereof. The trial court determined that the failure to give notice had been unintentional and denied the motion for mistrial. However, the court granted an early recess so that the circumstances surrounding the grant of immunity could be fully investigated by Cannady's counsel and directed the Commonwealth to supply such information. …

*Cannady*, 590 A.2d at 359.

Cannady utterly fails to address this fact in his petition, nor does he attempt to explain why or how he would be unaware of this fact when he raised it both at trial and on direct appeal. Thus, the PCRA court correctly concluded that Cannady failed to properly plead a timeliness exception to the PCRA's jurisdiction time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2022